FILED

MAR 1 3 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| ROCKY MOUNTAIN TWIST, dba JORE CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TROY BRACKEY, an individual, GREG HOBBS, an individual, JEFFREY M. HEUTMAKER, an individual, and ABSOLUTE CUTTING TOOLS, LLC, a Montana limited liability company,<br><br>Defendants. | CV 07-119-M-DWM-JCL<br><br><br><br><br>ORDER |

Plaintiff Rocky Mountain Twist, d/b/a/ Jore Corporation ("Jore") brings this action alleging several claims related to the Defendants' alleged plot to learn Jore's trade secrets while employed at Jore and use them to start a competing company. Jore asserts state law claims against Defendants Brackey and Hobbs for breach of contract, breach of fiduciary duty, misappropriation of trade secrets and confidential information, fraud, and interference with prospective business advantage; a state law claim against Defendant Heutmaker for aiding and abetting breach of fiduciary duty; state law claims against Defendant Absolute

-1-

for misappropriation of trade secrets and confidential information, fraud, and interference with prospective business advantage; and two federal statutory claims against Defendant Hobbs.

The federal claims against Hobbs, related to his alleged deletion or alteration of electronically stored information, forms the basis of Jore's argument for federal subject matter jurisdiction. The Defendants filed a motion to dismiss the Complaint for lack of subject matter jurisdiction, arguing that the federal claims are pretextual and that the state claims predominate. Plaintiff Jore has filed a motion for preliminary injunction.

United States Magistrate Judge Jeremiah C. Lynch heard argument on the motions and issued Findings and Recommendations in this matter on February 14, 2008. Judge Lynch found that the federal claims are not immaterial and therefore refused to recommend their dismissal. However, he concluded that the state law claims predominate over the federal claims such that it is appropriate for the Court to decline supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(c)(2). With regard to the motion for preliminary injunction, Judge Lynch explains that his recommendation renders the motion moot because the irreparable injury cited by the Plaintiff as the basis for injunctive relief relates to the state claims, not the more narrow federal claims.

The parties did not timely object to Judge Lynch's Findings

and Recommendation and so have waived the right to de novo review of the record.  28 U.S.C. § 636(b)(1).  This Court will review the Findings and Recommendation for clear error.  <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." <u>United States v. Syrax</u>, 235 F.3d 422, 427 (9th Cir. 2000).  I can find no clear error with Judge Lynch's recommendation and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to dismiss (Doc. No. 6) is GRANTED with respect to Jore's state law claims and DENIED with respect to Jore's federal claims.

IT IS FURTHER ORDERED that Plaintiff Jore's motion for a preliminary injunction (Doc. No. 15) is DENIED.

DATED this 13th day of March, 2008.

_____
Donald W. Molloy, District Judge
United States District Court